UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEOM SU LEE,

                         Plaintiff,                      18 Civ. 3895 (PAE) (SDA)

        -v-

                                                              ORDER

KARAOKE CITY, et al.,

                         Defendants.

PAUL A. ENGELMAYER, District Judge:

       On May 1, 2018, plaintiff Beom Su Lee filed his complaint, initiating this action against, among others, defendant NYC Karaoke. Dkt. 1. On August 28, 2018, the United States Marshal personally served defendant NYC Karaoke with the summons and complaint via an NYC Karaoke employee, at 23 West 32nd Street New York, New York 10001, the location of the karaoke bar. Dkt. 25. NYC Karaoke never appeared. Accordingly, the Clerk of Court issued a certificate of default as to NYC Karaoke, Dkt. 65, and Lee moved for a default judgment, Dkt. 79, serving NYC Karaoke with the default judgment papers at 23 West 32nd Street New York, New York 10001, Dkt. 96. The Court then entered a default judgment as to liability against NYC Karaoke, Dkt. 99, and referred the case to the Honorable Stewart D. Aaron, United States Magistrate Judge, for an inquest into damages, Dkt. 100.

       Before Judge Aaron conducted the damages inquest, Lee filed a proposed default judgment, requesting a default judgment against "NYC Karaoke (NYC Karaoke LLC)," Dkt. 110. During a telephone conference with Judge Aaron on March 30, 2020, Lee raised the issue of the default judgment and mentioned both NYC Karaoke and NYC Karaoke LLC. Thus, Judge Aaron believed that Lee intended to seek a judgment against NYC Karaoke LLC. *See*

Dkt. 115. On April 10, 2020, Judge Aaron issued an order instructing Lee to file a letter indicating whether he was seeking a default judgment against NYC Karaoke or NYC Karaoke LLC, and, if the latter, to amend his complaint to name NYC Karaoke LLC as a defendant. Dkt. 115. Later that day, Lee filed a letter, dated March 31, 2020,[1] requesting that the Court not issue a default judgment against "NYC Karaoke LLC" and explaining that NYC Karaoke LLC's attorney had stated that NYC Karaoke and NYC Karaoke LLC are not the same entity. Dkt. 116.

The Court now considers whether to vacate the default judgment against NYC Karaoke because it does not appear that "NYC Karaoke" is a legal entity. A district court may *sua sponte*—absent any motion from the parties—revisit an award of a default judgment as to liability when a damages inquest has yet to be completed, as is the case here. *See Hood v. Ascent Med. Corp.*, 691 F. App'x 8, 9 (2d Cir. 2017). This is because the default judgment as to liability "'does not end the action,' [and] could be altered by the district court 'at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Id.* (quoting Fed. R. Civ. P. 54(b)).

A court may set aside an entry of default under Federal Rule of Civil Procedure Rule 55(c) or a default judgment under Rule 60(b). *See* Fed. R. Civ. P. 55(c), 60(b). Rule 60(b), however, governs "final judgments," and "a judgment is 'final,' . . . only 'when there is nothing left for the Court to adjudicate.'" *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12 Civ. 0052 (JPO), 2013 WL 1809637, at *3 (S.D.N.Y. Apr. 30, 2013) (citation omitted). "Therefore, it is the 'good cause' standard of Rule 55(c), as opposed to the more rigorous standards of Rule 60(b), that applies to case such as this, where an inquest on damages has been ordered but has not yet taken place." *Id.* (internal quotation marks and citation omitted); *see also*

---

[1] The letter was dated March 31, 2020, and it was docketed on April 10, 2020. *See* Dkt. 116 at 1.

*Roberts v. Keith*, No. 04 Civ. 10079 (CSH), 2007 WL 2712853, at *2 (S.D.N.Y. Sept. 18, 2007). When assessing what constitutes "good cause" under Rule 55(c), courts consider the following factors: "(1) whether the default was willful; (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *Robinson v. Sanctuary Music*, 383 F. App'x 54, 58 (2d Cir. 2010) (quoting *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005)); *see also Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012). "A finding that one factor militates against good cause is not dispositive." *Murray Eng'g*, 2013 WL 1809637, at *4.

       The first factor of willfulness "may be found where there is 'evidence of bad faith,' or the default arose 'from egregious or deliberate conduct.'" *Holland v. James*, No. 05 Civ. 5346 (KMW), 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)). Such a finding "requires 'more than mere negligence,' more than 'mere administrative or clerical error,' and more than 'careless or negligent errors.'" *Id.* (quoting *Am. All. Ins. Co.*, 92 F.3d at 60–61). Here, it is unclear whether NYC Karaoke's default was willful, as it has not appeared to explain the default. Lee has not presented any evidence of bad faith or deliberate conduct on NYC Karaoke's part. That NYC Karaoke does not appear to be a legal entity, discussed more fully *infra*, could shed light on why it did not appear. *Cf. NATS Inc. v. U.S. Agency for Int'l Dev.*, No. 04 Civ. 559 (RNC), 2006 WL 118382, at *2 (D. Conn. Jan. 13, 2006) (observing that willfulness factor presented "closer question" where appearing defendant stated that "it saw no need to prevent a default from entering against [defaulting defendant] because [defaulting defendant] is not a legal entity" and ultimately resolving factor in defendants' favor). Here, the Court finds that the willfulness factor does not weigh for or against NYC Karaoke.

Second, the Court must consider whether NYC Karaoke has a meritorious defense. This factor does not require that the defense be "ultimately persuasive"; instead, "[a] defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. All. Ins. Co.*, 92 F.3d at 61 (citation omitted). This factor clearly weighs in favor of vacatur, as NYC Karaoke can present the defense that it is not a legal entity. "Both capacity to be sued and legal existence are prerequisites to the suability of an entity." *Ellul v. Congregation of Christian Bros.*, No. 09 Civ. 10590 (PAC), 2011 WL 1085325, at *3 (S.D.N.Y. Mar. 23, 2011) (citation omitted), *aff'd*, 774 F.3d 791 (2d Cir. 2014); *see also Thompson v. Jamaica Hosp. Med. Ctr.*, No. 13 Civ. 1896, 2016 WL 4556905, at *5 (S.D.N.Y. Aug. 30, 2016) (explaining that, although case was being dismissed on other grounds, suit against defendants that are trade names—and thus not individuals or entities capable of being sued—could also be dismissed because they did not constitute proper defendants). Because a plaintiff cannot recover from a defendant that is not a legal entity, that fact can serve as a basis for vacating a default judgment. *Cf. Fernandez v. Beehive Beer Distrib. Corp.*, No. 12 Civ. 01968 (TPG), 2013 WL 6153203, at *1 (S.D.N.Y. Nov. 22, 2013) (vacating default judgment under Rule 60(b) where parties agreed defaulting defendant was not legal entity); *ISM Sports, Inc. v. Provta*, No. 04 Civ. 0918 (NG) (VVP), 2007 WL 316562, at *4 (E.D.N.Y. Jan. 30, 2007) (describing default judgment against incorrectly named defendant as "pointless"); *Darby v. Compagnie Nat'l Air Fr.*, 132 F.R.D. 354, 355–56 (S.D.N.Y. 1990) (denying motion for default judgment where defendant improperly named).

Lee has not presented any evidence that NYC Karaoke is a legal entity—and, in fact, has suggested that it is not. *See* Dkt. 116 at 1 (letter explaining that Lee had filed the proposed default judgment against NYC Karaoke LLC because he thought it was "Default Defendant

4

NYC Karaoke's legal entity"). The Court has unsuccessfully searched the New York Department of State, Division of Corporation database for a corporate entity named "NYC Karaoke."[2] Although courts may on occasion allow a plaintiff to amend his pleading, or even the judgment, because a defendant was misnamed, *see Robinson*, 383 F. App'x at 57–58, Lee insisted that the default judgment be issued against NYC Karaoke specifically and has, thus far, declined Judge Aaron's invitation to amend his pleadings. *See* Dkts. 115–16. The Court therefore finds that this factor weighs in favor of vacatur.

As to the final factor of prejudice to the plaintiff, "it is well established that 'delay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion.'" *Murray Eng'g*, 2013 WL 1809637, at *5 (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). This case does not present the requisite level of prejudice to Lee. Notwithstanding his default judgment motion against NYC Karaoke, the case, as to the other defendants, has continued to progress through discovery. It is true that Lee has expended time and resources in preparation for the damages inquest, but those steps present an insufficient amount of prejudice to warrant leaving a default judgment against a non-legal entity in place. *See NATS, Inc.*, 2006 WL 118382, at *1 (vacating default where defaulting defendant was not legal entity and plaintiffs had prepared for hearing on damages); *cf. Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001) (finding insufficient prejudice where

---

[2] A search for "NYC Karaoke" yielded three results: KARAOKE BUS NYC LLC, KARAOKE NYC COMPANY LLC, and NYC KARAOKE LLC. *See* Department of State, Division of Corporations, *Search Our Corporation and Business Entity Database*, N.Y. State (Apr. 24, 2020), https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_SEARCH_ENTRY (search for: (1) entity name: "NYC Karaoke"; (2) name type: all; and (3) search type: contains).

plaintiffs "proceeded to execute default judgment, submitted an expert accountant's report, and moved to compel the individual defendants to produce documents").

Accordingly, the Court vacates the default judgment as to liability against NYC Karaoke. *See* Dkt. 99.  As a result, a damages inquest is no longer needed.  If Lee is able to locate a legal entity that corresponds with NYC Karaoke, he is to file an amended complaint adding that entity as a defendant no later than May 8, 2020, adding that entity as a defendant.  Otherwise, after May 8, 2020, the Court will dismiss NYC Karaoke from this case, on the grounds that it is not an entity capable of being sued.  The Clerk of Court is directed to mail this order to plaintiff.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: April 28, 2020
       New York, New York