UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Beom Su Lee,

                      Plaintiff,

    -against-

Karaoke City et al.,

                      Defendants.

1:18-cv-03895 (PAE) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

    Having reviewed the parties' filings in connection with their cross-motions for summary judgment, the Court finds that the parties have not complied with the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

    First, the Local Civil Rules require "[a]ny represented party moving for summary judgment against a party proceeding *pro se*" to "serve and file as a separate document, together with the papers in support of the motion, the following 'Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment' with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached." Local R. 56.2.

    Second, Local Civil Rule 56.1 requires a litigant answering a motion for summary judgment "to specifically respond to the assertion of each purported undisputed fact by the movant and, if controverting any such fact, to support its position by citing to admissible evidence in the record." *Pagan v. Corr. Med. Servs.*, No. 11-CV-01357 (ER), 2013 WL 5425587, at *1 (S.D.N.Y. Sept. 27, 2013) (citing Local R. 56.1(b), (d); Fed. R. Civ. P. 56(c) (requiring reliance on admissible evidence in the record in supporting or controverting a purported material fact)). Thus, once served with notice, "[p]ro se litigants are then not excused from meeting the requirements of Local Rule

56.1." *Wali v. One Source Co.*, 678 F.Supp.2d 170, 178 (S.D.N.Y. 2009) (citing *Vt. Teddy Bear Co. v. 1-800-BEARGRAM Co.*, 373 F.3d 241, 246 (2d Cir. 2004)).

Here, there is no indication on the docket that Defendants served Plaintiff with the required notice pursuant to Local Civil Rule 56.2. Moreover, while Plaintiff has filed an opposition to Defendant's motion (ECF No. 167), he has not responded to Defendants' 56.1 Statement in correspondingly numbered paragraphs with citations to admissible evidence. Plaintiff is advised that, in accordance with Local Civil Rule 56.1, "he is 'required to present counter-affidavits or other documentary evidence as to every genuine issue of material fact that he wishe[s] to preserve for trial[,]'" *Frye v. Lagerstrom*, 778 F. App'x 13, 15 (2d Cir. 2019) (quoting *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999)), and that failure to do so may result in a determination that certain facts are uncontested. *See* Local R. 56.1(c); *see also T.Y. v. NYC Dep't of Educ.,* 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible."), *cert. denied,* 130 S. Ct. 3277 (2010); *cf. Pagan*, 2013 WL 5425587, at *1 ("where a *pro se* plaintiff fails to submit a proper Rule 56.1 statement in opposition to a summary judgment motion, the Court retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions.") (citations omitted).

Accordingly, it is hereby Ordered as follows:

1. No later than November 4, 2020, Defendants shall serve Plaintiff with the requisite notice in accordance with Local Civil Rule 56.2.

2. No later November 18, 2020, Plaintiff shall file a 56.1 counterstatement responding, paragraph by paragraph and with citations to admissible evidence, to Defendant's 56.1 statement. (*See* ECF No. 166-2.)

**SO ORDERED.**

DATED:   New York, New York
         October 28, 2020

_____
STEWART D. AARON
United States Magistrate Judge