USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Beom Su Lee,

                                    Plaintiff,

              -against-

Karaoke City et al.,

                                    Defendants.

1:18-cv-03895 (PAE) (SDA)

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE PAUL A. ENGELMAYER, UNITED STATES DISTRICT JUDGE:**

      *Pro se* Plaintiff Beom Su Lee ("Lee" or "Plaintiff") brings this action for copyright infringement against defendants G. Mission, Inc. d/b/a/ Karaoke City; Chorus Music Studio, Inc. d/b/a Chorus Karaoke; 3D Music Studio, Inc. d/b/a 32 Karaoke; Bizmax NY d/b/a WOW Karaoke; Vintage 32, Inc. d/b/a Turn Table Bar & Karaoke; 11 W. 32, Inc. d/b/a Maru Karaoke; MK Karaoke, LLC d/b/a MK Karaoke; M&S Music Studio, Inc. d/b/a Gagopa Karaoke; and 32 Music Studio Corp. d/b/a 5 Bar Karaoke Lounge (collectively, "Defendants").[1] (Am. Compl., ECF No. 129.) Plaintiff alleges that Defendants violated the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and willfully infringed his copyrights by, *inter alia*, authorizing performances of Plaintiff's copyrighted musical works in their karaoke bars.

---

[1] The Amended Complaint also names as defendants Grand Karaoke, Inc. d/b/a NYC Karaoke and Manhattan Ziller Ziller Inc. d/b/a Manhattan Ziller Karaoke (*see* Am. Compl. at 3), neither of which have appeared in this action. Thus, by "Defendants" the Court is referring to the appearing Defendants that are the subject of the motions currently before the Court.

Before the Court are the parties' cross-motions for summary judgment. (Pls.' Not. of Mot., ECF No. 155; Defs.' Not. of Mot., ECF No. 166.) For the reasons set forth below, I respectfully recommend that both motions be DENIED.

## FACTUAL BACKGROUND[2]

Plaintiff is the fourth son of Jae Ho Lee. (Pl.'s SOF ¶ 1; Def. Resp. to Pl.'s SOF ¶ 1.) Jae Ho Lee passed away on June 11, 1960. (Defs.' 56.1 ¶ 2; Pl.'s Resp. to Defs.' 56.1 ¶ 2.) When Jae Ho Lee passed away, he did not leave any physical document called a will. (Defs.' 56.1 ¶ 6; Pl.'s Resp. to Defs.' 56.1 ¶ 6.)

In October 1996, Plaintiff and his family published "The Collection of Lee, Jae Ho's Musical Compositions" (hereinafter, the "Collection"), which included 125 compositions, including five sets of lyrics. (Pl.'s SOF ¶ 2.[3]) On or about October 12, 1999, Plaintiff and his mother, Jung Sun Kim, filed an application with the United States Copyright Office ("USCO") for the Collection. (Defs.' SOF ¶ 11; Pl.'s Resp. to Defs.' SOF ¶ 11.) In the application, Plaintiff stated that he obtained ownership of the copyright by will and legal transfer. (Defs.' SOF ¶ 13; Pl.'s Resp. to Defs.' SOF ¶ 13.) The U.S. copyright, No. TX 5-432-807, was issued and became effective on August 6, 2001. (*See* Defs.' SOF ¶ 14; Pl.'s Resp. to Defs.' SOF ¶ 14; *see also* Certificate of Registration, Ji Decl. Ex. C, ECF No. 166-3.)

---

[2] The Factual Background section is drawn from Plaintiffs' Amended Statement of Uncontroverted Facts (Pl.'s SOF, ECF No. 161); Defendants' Rule 56.1 Statement (Defs.' SOF, ECF No. 522); Defendants' Response to Plaintiff's Amended Statement of Uncontroverted Facts (Defs.' Resp. to Pl.'s' SOF, ECF No. 166-4); and Plaintiff's Response to Defendants' Rule 56.1 Statement. (Pl.'s Resp. to Defs.' SOF, ECF No. 174.) In deciding the pending motions, the Court also reviewed the legal memoranda and declarations filed by the parties.

[3] Defendants purport to dispute this fact, citing to their own 56.1 statement. (*See* Defs.' Resp. to Pl.'s SOF ¶ 2.) However, Defendants' 56.1 statement does not include any facts regarding the publication of the Collection.

Between April 6, 2018 and April 18, 2018, Plaintiff visited Defendants' karaoke bars to investigate their use of TJM Media Karaoke machines and KUMYOUNG Karaoke machines. (Pl.'s SOF ¶ 4; Defs.' Resp. to Pl.'s SOF ¶ 4.) The TJ Media Karaoke machines and the KUMYOUNG Karaoke machines both contain some of Jae Ho Lee's musical works from the Collection. (Pl.'s SOF ¶ 5; *see also* Compl. Ex. 5; Am. Compl. Ex. 36; Pl.'s Not. of Mot. Ex. 56, ECF No. 155-3.[4])

In April 2018 and June 2019, Plaintiff rented private karaoke rooms at Defendants' business establishments and recorded videos of himself playing certain of Jae Ho Lee's musical works from the Collection. (Pl.'s SOF ¶¶ 5-6; Defs.' Resp. to Pl.'s SOF ¶¶ 5-6; *see also* Pl.'s Not. of Mot. Exs. 40-48, ECF No. 155-2; Compl. Exs. 4; 10/29/2018 Lee Decl., ECF No. 43; Compl. Ex. 24; 7/16/2019 Lee Decl., ECF No. 75.)

## PROCEDURAL HISTORY

Plaintiff commenced this action on May 1, 2018. (Compl., ECF No. 2.) On May 22, 2020, Plaintiff filed an Amended Complaint. (Am. Compl., ECF No. 129.) On August 31, 2020, the Court denied Defendants' motion to dismiss based upon a report and recommendation from me. (Op. & Order, ECF No. 163.) Following the completion of discovery, Plaintiff filed his motion for summary judgment on August 17, 2020. (Pl.'s Not. of Mot., ECF No. 155.) On September 3, 2020, Defendants filed their opposition and cross-motion for summary judgment. (Defs.' Not. of Mot., ECF No. 166.) Plaintiff filed his opposition to Defendants' cross-motion on September 7, 2020

---

[4] Plaintiff did not attach all the exhibits filed with the Complaint to the Amended Complaint or as part of his summary judgment papers. However, he references exhibits to the original Complaint in both the Amended Complaint (*see, e.g.*, Am. Compl. Ex. 36 (referencing Compl. Ex. 5)) and in his statement of facts. (*See, e.g.*, Pl.'s SOF ¶ 5 (citing, *inter alia*, Compl. Ex. 4).) Plaintiff also filed additional exhibits on the docket during discovery. (*See, e.g.*, ECF Nos. 67, 75.) Given Plaintiff's *pro se* status, the Court considers all the exhibits cited by Plaintiff as part of the summary judgment record.

(Pl.'s Opp. Mem., ECF No. 167) and Defendants filed their reply on October 1, 2020. (Defs.' Reply Mem., ECF No. 168.) On October 28, 2020, the Court issued an Order directing the parties to comply with Local Civil Rules 56.1 and 56.2. (*See* 10/28/20 Order, ECF No. 172.) On October 29, 2020, Defendants served Plaintiff with the notice required by Local Civil Rule 56.2. (Cert. of Service, ECF No. 173.) On November 12, 2020, Plaintiff filed his response to Defendants' statement of undisputed material facts in accordance with Local Civil Rule 56.1. (Pl.'s Resp. to Defs.' SOF, ECF No. 174.)

## LEGAL STANDARDS

### I.    Summary Judgment

Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986). The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-23 (1986). "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.'" *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). A dispute concerning a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 248).

"In resolving cross-motions for summary judgment, 'each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration.'" *Automated Irrigation Controls, LLC v. Watt Stopper, Inc.*, No. 18-CV-02435 (GHW), 2019 WL 4256388, at *5 (S.D.N.Y. Sept. 9, 2019) (quoting

*Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001)). The Court is mindful that Plaintiff is a *pro se* litigant whose submissions must be construed to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006) (per curiam) (citation and emphasis omitted). "However, this forgiving standard 'does not relieve plaintiff of [his] duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Milne v. Navigant Consulting, Inc.*, No. 08-CV-08964 (PAE), 2012 WL 3283454, at *4 (S.D.N.Y. Aug. 13, 2012) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)).

## II.   Copyright Infringement

"To prevail on a claim of copyright infringement, the plaintiff must demonstrate both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." *Lee v. Karaoke City*, No. 18-CV-03895 (PAE), 2020 WL 5105176, at *3 (S.D.N.Y. Aug. 31, 2020) (quoting *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 108-09 (2d Cir. 2001)). "Among other rights, copyright owners retain the exclusive right to perform, or authorize others to perform, a musical work publicly." *Id*. (citing 17 U.S.C. § 106(4)).

## DISCUSSION

Plaintiff argues that he is entitled to summary judgment because the undisputed facts show that he is the owner of the copyright in the Collection and that Defendants infringed by using unauthorized karaoke machines and song books containing songs from the Collection and through public performances of those songs. (*See* Pl.'s Mem. at 7; *see also* Am. Compl. ¶¶ 3, 6.) Defendants assert that summary judgment should be granted in their favor because: (1) Plaintiff has not established that he is the owner of a valid copyright; (2) the works are in the public

domain; and (3) Plaintiff's evidence is insufficient to show public performance. (*See* Defs.' Mem., ECF No. 166-1, at 8-30.) For the reasons set forth below, I find no merit to Defendants' argument that the songs in the Collection are in the public domain in the United States. Moreover, I find genuine issues of material fact as to Plaintiff's ownership of a valid copyright and Defendants' infringement such that I recommend that both Plaintiff's and Defendants' motions be denied.

I.    **Public Domain**

The Court first considers Defendants' argument that the Collection has entered the public domain in the United States. Defendants argue that the Collection entered the public domain in Korea as of January 1, 2011[5] and, thus, pursuant to Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention"),[6] any copyright protection for the Collection in the United States expired as of that date. (Defs.' Mem. at 23-27.) The Court finds no merit to this argument.

Plaintiff registered the copyright in the Collection in the United States and the copyright is protected under United States law. Thus, he is not relying on the Berne Convention for protection of the copyright. In any event, as Defendants point out, the term of protection is governed by the applicable law of the country where protection is claimed. (Defs.' Mem. at 25 (citing Berne Convention, Art. 7, Sec. 8); *see also* Ji Decl. Ex. K.) Defendants argue that such term cannot exceed the "term fixed in the country of origin of the work[,]" but gloss over the language

---

[5] Plaintiff does not dispute that his father's works entered the public domain in Korea as of this date. (Pl.'s Resp. to Defs.' SOF ¶ 17.)

[6] The Berne Convention, "which took effect in 1886, is the principal accord governing international copyright relations." *Golan v. Holder*, 565 U.S. 302, 306-07 (2012). The United States joined the Convention in 1989. *See id*.

stating "unless the legislation of [the country where protection is claimed] otherwise provides."

Berne Convention, Art. 7, Sec. 8. The United States is "a country whose "legislature . . . otherwise

provides[.]'" 3 Nimmer on Copyright § 9.12 (2020). "[N]o distinction is drawn for copyright

duration purposes under United States law between American and foreign works." *Id*.; *see also*

7 Patry on Copyright § 25:69 ("Because the United States has not enacted legislation adopting

the rule of the shorter term and thus grants to all authors the same term of protection, the

applicable duration provisions for *all* works, foreign and domestic, is U.S. law."). Under United

States law, the copyright at issue here is protected until 70 years following Jae Ho Lee's death,

and, thus, it was still in effect at the time of the alleged infringement.[7] *See* 17 U.S.C. § 302(a);

*Eldred v. Ashcroft*, 537 U.S. 186, 183 (discussing enlargement of duration under Copyright Term

Extension Act of 1998 from 50 to 70 years after author's death).

## II.   <u>Ownership Of A Valid Copyright</u>

The parties dispute whether Plaintiff is the owner of a valid copyright in the Collection.

Plaintiff contends that, following his father's death in 1960, the copyrights of his father's musical

works passed to his family in accordance with Korean law and cites to the Certificate of

Registration as evidence of his ownership. (*See* Pl.'s Mem. at 7-8.) Defendants assert that

Plaintiff's Certificate of Registration is invalid and that he has not met his burden to show

ownership through either inheritance or assignment. (*See* Defs.' Mem. at 9-11, 16-19.)

---

[7] Defendants' reliance on *Capitol Records, Inc. v. Naxos of Am., Inc.*, 372 F.3d 471 (2d Cir. 2004), is misplaced. (*See* Defs.' Mem. at 23-26.) There, the Second Circuit rejected the District Court's assumption, which it presumed was based on the rule of the shorter term, that the expiration of U.K. copyrights precluded any enforceable copyrights in the United States, finding that the Berne Convention was inapplicable to the sound recordings at issue. *See Capital Records*, 372 F.3d at 479. Thus, the Court never endorsed application of the rule. Defendants also cite Nimmer § 17:10, but that section applies to the duration of U.S. copyrights abroad and is not applicable here.

Under the Copyright Act of 1976, applicable to the registration here, a certificate of registration from the United States Register of Copyrights within five years of first publication of a work "constitutes prima facie evidence of the valid ownership of a copyright, although that presumption of ownership may be rebutted." *Stern v. Lavender*, 319 F. Supp. 3d 650, 669 (S.D.N.Y. 2018) (quoting *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999)); *see also id*. at 667 (Copyright Act of 1976 applies to actions taken after 1978). "It also creates a rebuttable presumption that all facts stated in the certificate are true." *R.F.M.A.S., Inc. v. Mimi So*, 619 F. Supp. 2d 39, 52 (S.D.N.Y. 2009) (citing *Langman Fabrics v. Graff Californiawear, Inc.*, 160 F.3d 106, 111 (2d Cir. 1998)). "Where there has been such registration, 'the party challenging the validity of the copyright has the burden to prove the contrary.'" *Stern*, 319 F. Supp. 3d at 669 (quoting *Hamil Am.*, 193 F.3d at 98); *see also Urbont v. Sony Music Entm't*, 831 F.3d 80, 89 (2d Cir. 2016). "Generally speaking, the presumption of validity may be rebutted '[w]here other evidence in the record casts doubt on the question.'" *Stern*, 319 F. Supp. 3d at 669 (quoting *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997)).

As an initial matter, Defendants' argument that Plaintiff has not met his burden to prove ownership ignores the fact that Plaintiff has proffered a Certificate of Registration from the United States Register of Copyrights within five years of the first publication of the Collection.[8] (*See* Certificate, Ji Decl. Ex. C.) In any event, the Court finds genuine issues of material fact as to Plaintiff's ownership that preclude summary judgment to either side.

---

[8] Defendants later argue that the registration was not made within five years of publication (*see* Defs.' Mem. at 12), but cite to no evidence to support their claim. The date of publication listed in the Certificate is October 10, 1996 and the registration was effective on August 6, 2001. (*See* Certificate, Ji Decl. Ex. C.)

To the extent Defendants argue that the lack of a written will establishes that Plaintiff was not an owner of the copyrights (*see* Defs.' Mem. at 2-3, 13-14, 17-18), they do not cite any legal authority for the proposition that a will is required for Plaintiff to have inherited rights in his father's copyrights under Korean law.[9]

Defendants do cite to three documents that they contend make Plaintiff's assertion of ownership implausible: (1) a June 1999 document titled "Consent" with a note stating "Korean [M]usic Copyright Association ['KOMCA'] Form – DRAFT[;]" (2) an August 1, 2001 letter in which Plaintiff's brother, Beom Seung Lee, purported to assign certain rights to Plaintiff; and (3) an August 13, 2001 letter from the KOMCA confirming that Beom Seung Lee is "a copyright inheritor" for Jae Ho Lee. (*See* Defs' Mem. at 9-10; Ji Decl. Exs. B, D & E.) However, while these documents may cast doubt on the question of ownership, the Court finds genuine disputes as to their meaning and effect.

For example, Defendants contend that the June 1999 consent form shows that Plaintiff assigned any rights he had in his father's copyrights to his brother and, thus, was not the owner at the time he filed the registration application. (*See* Defs.' Mem. at 9-10.) However, Plaintiff contends that it was not signed by his mother or sister and had no legal effect until 2001. (*See*

---

[9] From the Court's own research, *see* Fed. R. Civ. P. 44.1, a will is not required under Korean law; rather, as in various states in the United States, Korea has intestate succession laws. *See*, *e.g.*, International Estate Planning For U.S. Citizens: An Integrated Approach, 36 Est. Plan. 11, 12, 2009 WL 3266153, 3 (discussing mandatory inheritance under, *inter alia*, Korean law); *see also* Inheritance Law in South Korea, https://www.angloinfo.com/how-to/south-korea/money/wills-inheritance/inheritance-law (last visited Dec. 16, 2020) (explaining priority of inheritance under Korean law and noting that "[i]f the deceased leaves a surviving spouse and children, any separate property of the deceased is co-inherited by the spouse and the children."); South Korea International Estate Planning Guide, International Bar Association, available at https://www.ibanet.org/Document/Default.aspx?DocumentUid=BA8A74D1-4150-4132-8A31-A4487CB846EA (last visited Dec. 16, 2020) ("In case of intestacy, the estate passes to the heirs of the deceased in proportions set forth in the civil laws.").

Pl.'s Resp. to Defs.' SOF ¶ 10.) Moreover, Plaintiff argues that this document supports his claim that he and his family members all were owners of Ja Ho Lee's copyrights in 1999 because it shows that each family member's consent was required for Beom Seung Lee to become the family's representative to the KOMCA. (*See* Pl.'s Mem. at 7; Pl.'s Resp. to Defs.' SOF ¶ 8.)

Similarly, Defendants argue that the August 1, 2001 document purporting to be an assignment from Beom Seung Lee to Plaintiff of Jae Ho Lee's copyrights undermines Plaintiff's assertion of ownership at the time of registration. (*See* Defs.' Mem. at 9-10.) However, the record, which is scarcely more developed than at the pleading stage, is far from clear on the significance or scope of this assignment. As this Court already has recognized, it is plausible that the post-registration assignment functioned as a settlement or "quitclaim" assignment that is not inconsistent with Plaintiff's claim to have owned rights to the works in the Collection at the time of registration. *See Lee*, 2020 WL 5105176, at *5 (citing *Lee v. Flower Karaoke*, No. 18-CV-02580 (BMC) (PK), 2019 WL 1597309, at *3 (E.D.N.Y. Apr. 15, 2019) (denying motion to dismiss that argued that transfer of title post-dating registration of copyright ostensibly meant that plaintiff did not own rights to work at time of registration)).

Defendants further argue that the August 13, 2001 letter from the KOMCA stating that Beom Seung Lee is "a inheritor of the copyright" contradicts Plaintiff's statement in the registration application as well as the assignment. (Defs.' Mem. at 12 (citing Ji Decl. Ex. E).) However, the letter from the KOMCA states only that Plaintiff's brother was "a" inheritor and thus, on its face, does not undermine Plaintiff's assertion as to ownership.

In sum, these documents are not conclusive on the issue of ownership. A reasonable factfinder could conclude that the documents are not inconsistent with Plaintiff's claim of

ownership and, thus, give more evidentiary weight to the Certificate of Registration. On the other hand, read in the light most favorable to Defendants, these documents cast doubt on Plaintiff's ownership.

Defendants also make the related argument that the Certificate of Registration is invalid because the evidence in the record "establishes that inaccurate information was in fact included in the Plaintiff's copyright registration application 'with knowledge that it was inaccurate,' and that if known by the [copyright office] at the time, it would have caused the [copyright office] to refuse the copyright registration application." (Defs.' Mem. at 2-3 (quoting 17 U.S.C. § 411(b)); *see also id*. at 16-19.) This argument fails for at least two reasons. First, for the reasons just discussed, the Court finds that the record is far from conclusive that the information at issue— *i.e.*, that the copyright to these songs was transferred to Plaintiff by will and legal transfer—was in fact "inaccurate."

Second, even assuming *arguendo* that it was, Defendants have not established that Plaintiff *knowingly* made that misrepresentation. *See*, *e.g., Eckes v. Card Prices Update*, 736 F.2d 859, 861-62 (2d Cir. 1984) ("Only the knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute[s] reason for holding the registration invalid and thus incapable of supporting an infringement action." (internal quotation marks omitted)). Defendants cite to portions of Plaintiff's deposition testimony that they assert show that Plaintiff had no knowledge of his father's will or Korean inheritance law and, thus, could not have believed that he was an owner of the copyright in the Collection at the time the application was filed. (*See* Defs.' Mem. at 17-18.) Yet, Plaintiff's lack of knowledge on these points does not establish that Plaintiff knew he was not an inheritor of Jae Ho Lee's copyrights. Indeed,

Plaintiff's deposition testimony on the issue of his father's will establishes little other than Plaintiff's ignorance and/or confusion regarding his father's will and Korean inheritance law.[10] (*See* Pl. Dep. at 55-60 (Ji Decl. Ex. M).) Nor can the Court "infer" (Defs.' Mem. at 18) any conclusion as to Plaintiff's knowledge from the record. *See Richard Feiner & Co., Inc. v. New York Times Co.*, No. 07-CV-011218 (RMB) (RLE), 2009 WL 10696498, at *5 (S.D.N.Y. Dec. 15, 2009) ("The Court cannot draw even 'legitimate inferences from the facts'; rather, that is the role of the jury.") (quoting *Anderson*, 477 U.S. at 255).[11]

In sum, I find genuine issues of material fact as to Plaintiff's ownership of a valid copyright that cannot be resolved on summary judgment. *See Richard Feiner & Co., Inc. v. New York Times Co.*, No. 07-CV-11218 (RMB) (RLE), 2009 WL 10696498, at *5 (S.D.N.Y. Dec. 15, 2009) (genuine issues of material fact surrounding ownership of copyright precluded summary judgment). Accordingly, I recommend that both Plaintiff's and Defendants' motions be denied as to the element of ownership.

III.   <u>Evidence Of Infringement</u>

Defendants argue that the evidence in the record is not sufficient to establish copyright infringement based on public performance[12] because Plaintiff performed the songs in private

---

[10] Because I find genuine issues of material fact as to ownership without reference to Plaintiff's errata sheet, I do not decide whether consideration of the errata sheet is proper. (*See* Defs.' Mem. at 20-22.)

[11] The Court also notes that if it were to find that Plaintiff knowingly included inaccurate information in his registration application, it would have to ask the Register of Copyrights whether such information would have caused it to refuse registration before ruling on the issue. *See* 17 U.S.C. § 411(b)(2); *see also Palmer/Kane LLC v. Rosen Book Works LLC*, 188 F. Supp. 3d 347, 348 (S.D.N.Y. 2016) (discussing referral requirement under § 411(b)(2) and noting that "courts are in agreement that the provision is mandatory in nature").

[12] "To 'perform' a work means to recite . . . either directly or by means of any device or process." 17 U.S.C. § 101. "To perform a work 'publicly' means (1) to perform or display it at a place open to the public or at any place where a substantial number of persons outside of a normal circle of a family and its social

rooms with no one else present. (Defs.' Mem. at 28.) Defendants claim that "[b]ecause karaoke establishments consist of private rooms, analogous to hotel rooms," Plaintiff's performances were not public. (*Id*. at 28-29.) However, as Judge Engelmayer previously explained, "whether defendants' establishments are more like private movie-viewing rooms in a public establishment, *see Columbia Pictures Indus., Inc. v. Redd Horne, Inc.*, 749 F.2d 154, 158-59 (3d Cir. 1984) (screening of movies in private viewing rooms in a larger public establishment held a public performance), or like movies presented in hotel guests' individual rooms, s*ee Prof'l Real Est. Invs.*, 866 F.2d at 280," is a question of fact. *Lee*, 2020 WL 5105176, at *8. And despite the Court's invitation, during discovery the parties do not appear to have "examine[d] with specificity the manner in which karaoke performances occur[ed] in defendants' establishments[.]" *Id.*; *see also Lee*, 2020 WL 5105176, at *8 n.5 ("The Court expects that discovery will test whether there have been public performances of the songs at issue in the bar areas of defendants' establishments."). Thus, the Court finds that Defendants are not entitled to summary judgment on this basis.

Defendants also argue that Plaintiff cannot infringe his own copyright. (Defs.' Mem. at 30-33.) This argument also has been previously rejected by the Court. *See Lee v. Karaoke City*, No. 18-CV-03895 (PAE) (SDA), 2019 WL 2451430, at *6 (S.D.N.Y. Apr. 22, 2019) (citing *Elohim EPF USA, Inc. v. Total Music Connection, Inc.*, No. 14-CV-02496 (BRO), 2015 WL 12655556, at *12 (C.D. Cal. Oct. 1, 2015), *report and recommendation adopted*, 2020 WL 5105176 (S.D.N.Y. Aug. 31, 2020). Defendants seek to distinguish *Elohim* on the ground that it involved the plaintiffs' agents

---

acquaintances is gathered; or (2) to transmit or otherwise communicate a performance or display of the work to a place specified by clause (1) or to the public, by means of any device or process, whether the members of the public capable of receiving the performance or display receive it in the same place or in separate places and at the same time or at different times." *Id.*

as opposed to the plaintiffs themselves. (Defs.' Mem. at 31-32), but the Court finds that the *Elohim* court's reasoning applies equally to the performances in this case. *See Elohim EPF USA, Inc.*, 2015 WL 12655556, at *12 ("Regardless of how the works are performed, Plaintiffs' injury here is that Defendants failed to pay for the licensing rights to allow its customers to publicly perform Plaintiffs' copyrighted works."). Defendants further argue that the mere fact that Jae Ho Lee's songs are listed in their song books or contained in their karaoke machines cannot establish infringement. (Defs.' Mem. at 30-31.) The Court need not decide, however, whether these facts establish infringement based on an offer of public performance[13] because, as Defendants' recognize, Plaintiff has provided evidence that he performed his father's songs at each of Defendants' establishments. Nonetheless, because I find a genuine issue of material fact as to whether Plaintiff's performances were "public" within the meaning of the statute, I recommend that both motions be denied as to the element of infringement.

## IV.   Defendants' Remaining Arguments

Defendants' remaining arguments also do not warrant summary judgment in their favor. Defendants argue that Plaintiff lacks standing because he has failed to establish that he is the exclusive owner of the copyright in the Collection. (*See* Defs.' Mem. at 11-15.) As set forth above, the Court finds that there are genuine issues of material fact as to Plaintiff's ownership of the copyright that must be resolved at trial. To the extent that Defendants argue that Plaintiff has

---

[13] *See, e.g.*, *Flower Karaoke*, 2019 WL 1597309, at *3 ("[T]he offer to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, can violate a copyright.") (citing *Elektra Entm't Grp., Inc. v. Barker*, 551 F. Supp. 2d 234, 242 (S.D.N.Y. March 31, 2008)); *see also id.* ("If the songs were in their karaoke books, they weren't there to take up space. They were there as an offer for customers to play the songs in defendants' karaoke rooms."); *Beom Su Lee v. Karaoke*, No. 18-CV-8633 (KM) (SCM), 2019 WL 2537932, at *9 (D.N.J. June 19, 2019).

failed to join indispensable parties, that conclusion turns on the question of ownership and, in any event, as the Court already has explained, "in this Circuit, a joint copyright owner, pursuing an infringement claim, is not invariably required to join co-owners." *Lee*, 2020 WL 5105176, at *6 n.4 (citing *Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007)).

Defendants also renew their argument made at the motion to dismiss stage that Plaintiff "cannot use the copyright in the compilation/collective work to extend copyright protection in the underlying musical compositions." (Defs.' Mem. at 13.) This argument assumes that the individual songs in the Collection were published before the publication date for the Collection itself, but Defendants do not cite to any evidence in the record in support of this position despite the opportunity to do so. *See Lee*, 2020 WL 5105176, at *6 ("Defendants are at liberty to seek to show, after discovery, an earlier publication date, but, at this early pleading stage, their claim to that effect cannot be treated as accurate.").

V.    **Enhanced Statutory Damages**

Defendants argue that the evidence in the record fails to establish that Plaintiff is entitled to enhanced statutory damages. (Defs.' Mem. at 33-34.) "The Copyright Act provides for enhanced statutory damages in cases of willful infringement." *Lee*, 2020 WL 5105176, at *10 (citing 17 U.S.C. § 504(c)(2)). "To prove willfulness, the plaintiff must either show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard' for, or willful blindness to, the copyright holder's rights.'" *Id*. (quoting *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005)). "Where the plaintiff proves that 'the defendant recklessly disregarded the possibility that its conduct represented infringement,' the 'plaintiff is not required to show that the defendant

had knowledge that its actions constituted an infringement.'" *Sands v. CBS Interactive Inc.*, No. 18-CV-07345 (JSR), 2019 WL 1447014, at *5 (S.D.N.Y. Mar. 13, 2019) (citing *Yurman*, 262 F.3d at 112.)

At the motion to dismiss stage, the Court held that it was a "close question" whether Plaintiff adequately alleged willfulness, because "the factual allegations on that specific point [were] sparse."[14] *Lee*, 2020 WL 5105176, at *10. The Court nonetheless denied the motion to dismiss based on allegations that Jae Ho Lee was "extremely popular" artist in Korea and that his works were widely known and that Defendants, without obtaining a license to do so or affirmatively ascertaining that the songs were unprotected by copyright, included the songs on their machines. *See id*.

Following discovery, Plaintiff has provided additional evidence that two of the defendants—5 Bar Karaoke and WOW Karaoke—continued to use his father's songs in their karaoke machines as of June 2019, after this lawsuit was filed. (Pl.'s Mem. at 10; *see also* Pl.'s Not. of Motion at 2-3.) Plaintiff does not cite to any additional evidence of willfulness as to the remaining Defendants. Nevertheless, because I recommend that both Plaintiff's and Defendants' motions for summary judgment be denied, I find that a determination regarding willfulness is premature. *See Disney Enterprises, Inc. v. Sarelli*, 322 F. Supp. 3d 413, 444 (S.D.N.Y. 2018), *reconsideration denied*, No. 16-CV-02340 (GBD), 2018 WL 5019745 (S.D.N.Y. Sept. 26, 2018) ("Since summary judgment is denied with respect to Plaintiffs' claims for copyright infringement, a determination at this stage that Defendants' infringement was willful is premature."); *see also*

---

[14] The Court notes that the prior decision pertained to the original complaint and not the Amended Complaint. However, the Amended Complaint similarly lack factual allegations as to willfulness.

*Sands v. CBS Interactive Inc.*, No. 18-CV-07345 (JSR), 2019 WL 1447014, at *6 (S.D.N.Y. Mar. 13, 2019) ("Generally speaking, summary judgment is not a tool well suited to determining willfulness[.]") (quoting *Close-Up Int'l, Inc. v. Berov*, 382 F. App'x 113, 117 (2d Cir. 2010)).

<u>**CONCLUSION**</u>

For the foregoing reasons, I respectfully recommend that both Plaintiff's motion for summary judgment and Defendants' cross-motion for summary judgment be DENIED.

DATED:      December 18, 2020
            New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

\*            \*            \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections (to those portions other than with respect to the motion to strike), pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Engelmayer.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).